IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

FONTAINE PATE,

    Plaintiff,

v.    Civil Case No. 3:13-cv-00264

KROGER LIMITED PARTNERSHIP I,
*doing business as*, Store #511,
and JASON CHALMERS,

    Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on the plaintiff's motion to remand and the defendants' motions to dismiss. The plaintiff, Ms. Fontaine Pate, sued Kroger Limited Partnership I ("Kroger") and Mr. Jason Chalmers in the Circuit Court of the City of Richmond ("state court"). The defendants removed this case to federal court, arguing that Pate sued Chalmers simply to defeat the diversity between Pate and Kroger that would otherwise give this Court jurisdiction over the lawsuit. *See* 28 U.S.C. §§ 1441, 1446. If true, Pate's actions would constitute "fraudulent joinder," and this Court could assert jurisdiction. But, because Chalmers may be a proper defendant to this suit, the Court grants the motion to remand and denies the motions to dismiss as moot.

In September 2011, Pate was a customer at one of Kroger's grocery stores in the City of Richmond, where Chalmers worked as a security guard. According to the facts alleged in Pate's complaint, Chalmers and another employee attempted to apprehend and detain a suspected shoplifter before she could escape the grocery store. As the employees confronted the shoplifter, an altercation occurred in which the shoplifter shoved Pate into a metal sign. Pate claims that

Chalmers negligently carried out his duties as a security guard, thus precipitating the altercation. As a result, Pate sustained "great pain of body and mind" and "permanent bodily injury."

Agreement exists on the statehood of each party: Pate and Chalmers are both residents and citizens of Virginia; Kroger is an Ohio corporation with its principal place of business in Ohio. Thus, if Chalmers' actions make him a proper defendant to this suit, the parties lack complete diversity, and this Court must remand the action to state court.

The "fraudulent joinder doctrine allows a court 'to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, and thereby retain jurisdiction.'" *Baltimore Cnty. v. Cigna Healthcare*, 238 F. App'x 914, 920 (4th Cir. 2007) (unpublished) (citing *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). A defendant removing a case based on fraudulent joinder bears a heavy burden. *Baltimore Cnty.*, 238 F. App'x 914 at 920. Specifically, a defendant must show "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (emphasis and alterations in original). In such cases, courts look to the entire record to determine the basis of the joinder. *Baltimore Cnty.*, 238 F. App'x 914 at 920.

The defendants maintain that Pate could not bring an action against Chalmers in state court, for the plaintiff's alleged injury arose from the actions of the shoplifter, not Chalmers. Moreover, the defendants argue that Chalmers had no duty to protect Pate from the harmful acts of the shoplifter and did nothing to establish a special relationship with Pate. But, as the defendants openly acknowledge, "[t]here may be more than one proximate cause of an event," and "[a] subsequent proximate cause may or may not relieve a defendant of liability for his negligence." *Williams v. Le*, 276 Va. 161, 167 (2008). Accordingly, a Virginia court, applying

2

its own tort law, might possibly conclude that Chalmers negligently carried out his duties as a security guard, thus setting in motion the series of events by which Pate allegedly suffered injuries. In other words, far from holding Chalmers liable for his "omission[s]," the state court might hold Chalmers liable for his "affirmative acts of negligence." *Beaudoin v. Sites*, 886 F. Supp. 1300, 1303 (E.D. Va. 1995); *see also Miller v. Quarles*, 242 Va. 343 (1991). On the basis of the parties' pleadings, which constitute the entirety of the present, sparse record, this outcome represents at least a theoretical possibility. The Court, therefore, cannot apply the fraudulent joinder doctrine. *See Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999) ("Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends.").

Because complete diversity does not exist among the parties, the Court lacks jurisdiction over this action and accordingly grants the plaintiff's motion to remand to state court. The Court denies the defendants' motions to dismiss as moot.

The Court shall enter an appropriate order.

Date: May 30, 2013
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

3